RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 19 2019

JAMES N. HATTEN, Clerk
                    Deputy Clerk

By:

In The United States District Court
Northern District of Georgia
Atlanta    Division

Willie C. Walker
    Plaintiff,
V.
State of Georgia,
Judge, Tom Campbell;
DBHDD;
Antron Evans.
    Defendants.

) RICO COMPLAINT
) 18 USC 1961- 1968
)
) Case No.------**1  19-CV-3741**

RICO Complaint
18 USC 1961-1968
----------------------------------

   Comes Now, Willie C. Walker, Pro se and files this his complaint pursuant to Title 18 USC 1961-1968. Petitioner cites code section O.C.G.A. 15-6-21 and moves this court to vacate and set aside Order Modifying Civil Commitment dated November 8th 2018 in the Superior Court of Fulton County by Judge Tom Campbell Atlanta Judicial Circuit, Rule 60 of the F.R.C.P. Harvey v. Harvey, 949 F. 2d. 1127, 11th cir.(1992); involuntary commitment-State compulsion for the Purposes of a suit under the Federal Civil Rights Act. This Honorable Superior Court has Original jurisdiction pursuant to the Civil Rico remedies at 18 USC 1964. U.S. Supreme Ct. In Taffin v. Levitt 493 U.S. 455 (1990), and the U.S. Court of Appeals for the ninth circuit in Lou v. Belzberg 834 U.S. F.2d. 730(a). Petitioner now testifies that the partial list of acts And events now documented in Exhibits constitutes probable cause for all relief requested, 18 USC 1961(4),(5),(9), and 1962(b).

   During the ten years calendar years, all defendants did cooperate jointly and severally in the Commission of the rico predicated acts that itemized in the rico laws at 18usc 1961(a) and (b) and did so in violation of the rico laws at 18usc 1962(b), (prohibited activity.

   However, most courts agree that section 1962(c) requires an injury that is not contingent On future events or speculative in nature. Thus for purposes of sufficiently pleading proximate Cause, the rico plaintiff must allege an injury that was foreseeable, concrete in nature, and not subject to speculation. It is necessary to show that a violation of section 1962 occurred before

A plaintiff can recover treble damages under section 1964. See all Exhibits attached, Civil Commitment Orders of the United States District Courts, Bind over Notification-City of South Fulton Municipal Court. 28 USC- 2244(a), 28 USC-2244(d) (1) (b). 18 USC- 1964(b) 1982 provides: The attorney General may institute proceedings under this section. In any action Brought by the United States under this section, the court shall proceed as soon as practicable To the hearing and determination thereof. Pending final determination thereof, the court may at any time enter such restraining orders or prohibitions, or take such other actions, including The acceptance of satisfactory performance bonds, as it shall deem proper.

 District Court generally should not Sua Sponte dismiss a habeas petition for failure to Exhaust state remedies. Prather v. Norman 901 F. 2d. 915, 918.(11th Cir. 1990).

 Requiring petitioner to exhaust his claims in the state courts serves important federal Interests of comity and judicial efficiency because presenting those claims to the state Courts may moot the need for federal habeas relief or, at a minimum, focus the factual And or, legal issues underlying the claims. Cranberry v. Greer, 481 US 129,134-35(1987) Rico-18USC 1962(a)(d).Collusive Joinder- The joinder of a defendant, commonly a Non-resident , for purpose of removal to or conferring jurisdiction on a federal court. Bentley v. Halliburton 174 F. 2d. 788, 791. See Restatement (second) of judgments, Introductory Note to ch. 2, at 8-17(Tent.Draft No. 5, 1978) using the term "territorial Jurisdiction;" to refer to personal jurisdiction; Clermont, Restating Territorial Jurisdiction And venue for state and Federal Courts, 66 Cornell L. Rev. 411 (1981); Hazard, A General Theory of state court jurisdiction, 1965 Sup. Ct. Rev. 241; Note, Filling the void; Judicial power and jurisdictional attacks on judgments, 87 Yale L.J. 164 n.1(1977) 66 Yale L.J. 526 (1957).

## Jurisdiction and Venue

--------------------------------------

 The petitioner, Willie C. Walker, seeks redress for violations of his Federal Civil Rights Under 42 usc 1983 and the 1,4,5,6,14, amendments of the U.S. Constitution, Article 1 Of the Constitution, sec. 9, Constitution of the state of Georgia Preamble Article 1 Bill Of Rights, Section 1 Right of persons, paragraph 15, and to his civil rights under state Law as set out below. This court has subject matter of jurisdiction; under 28-usc1331 (federal question) jurisdiction; under 28usc 1343(civil rights jurisdiction); 28usc2201(a) and 2202(declaratory relief); and 28usc1367(supplemental jurisdiction over state law claims. 18usc 1965(a). This court has personal jurisdiction over all parties. Venue is proper in this District pursuant to 28usc 1391(b). All events set out below occurred within the District of Georgia and all parties are residents of the District of Georgia. In custody in violation of the

2.

Constitution or laws or treaties of the United States 28 usc 2241(c)(3). See 28usc2244
(d)(1)(B). Joinder indispensable party absence from the lawsuit of a person who was in-
Dispensable itself deprived the court of the power to adjudicate as between the parties
Already joined. See Samuel Goldwyn, Inc. v. United Artists Corp. 113 F. 2d. 703,707
(3d Cir. 1940); McArthur v. Rosenbaum Co. of pittsburgh, 180 F.2d. 617, 621 (3d cir 1949);
157 F.2d. 216(5th Cir. 1946). Cert. denied. 329 US. 782.

 Standing : Whether a Rico plaintiff has the necessary standing to sue maybe appropriate
For resolution under FRCP Rule 12 or 56.

 Proximate cause: whether a claimed injury is sufficiently related to the claimed Rico violation
May be appropriate for resolution under FRCP Rule 12 or 56. 916 F.2d. 874(3d cir 1990)
877 F.2d. 1333,1334(7th Cir. 1989).

Federal Habeas Relief OCGA 9-14-1(c).
Glenn v. Roundtree, 410 US. 484,489-92 (1973). The exhaustion doctrine of 2241(c)(3) was
Judicially crafted on federalism grounds to protect the )OCGA 9-14-1(a). The likelihood that
The requested judicial relief will redress the injury. Lujan v. Defender of Wildlife 504 US 555,
560-61 (1992). Such supreme court should not dismiss case honig v. Doe 484 US 305,329
(1988). Private party to recover damages under rico statute.18USC1964(c).
Mootness Doctrine- Flast v. Cohen 392 US 83,94(1968).Whether a legal claim is justiciable
Is, in essence, asking whether it is a claim that may be resolve by the court. Nixon v. U.S. 506
U.S. 224,226(1993). See AT&T v. Federal Communication Commission. 349 F. 3d.692.Plaintiff
Repeat and reallege each and every allegation of the foregoing paragraphs as if fully set forth
herein, and specifically repeat and reallege the allegations under the first Cause of Action
Concerning Rico liability.

Cause of Action
--------------------------

1. Writ of Habeas Corpus- The writ of habeas corpus shall not be suspended unless, in case

3.

Of rebellion or invasion, the public safety may require it.

2. Res Judicata- A broad doctrine in civil litigation that requires and includes the barring of
Relitigation of settled matter under merger, bar, collateral estoppel, and direct estoppel.

3. Mootness Doctrine- Deprived of practical significance made abstract or purely academic.

4. Title 15, O.C.G.A. 15-6-21. Time for deciding motions, filing and notification; noncompliance
As ground for impeachment.

5. Corruption of Blood- The effect of an attainder which bars a person from inheriting, retaining,
Or transmitting any estate, rank, or title, (no attainder of treason shall work corruption of blood
- U.S. Constitution Art. III.

6. Joinder of Remedies- F.R.C.P. 18, 19(a). Pre-enforcement.

7. Collateral Attack on Subject Matter Jurisdiction: A Critique of the Restatement (second of
judgments).

## Conclusion

----------------------

Both Restatements emphasize that subject matter jurisdiction is a prerequisite of a proper or
valid judgment. To the extent that a different treatment of subject matter jurisdiction is desirable,
Narrow exceptions to the general rule of res judicata can be drawn. Exceptions to the
application of res judicata may involve either intrinsic judicial branch policies or extrinsic
Policies implicating the powers or policies of other branches of government or the consti-
Tution. Intrinsic judicial policies, involving balancing the goals of Finality and Validity, have been
resolved largely in favor of Finality where there is adequate opportunity for appellate review.
This resolution is generally appropriate for the specific issue of subject matter jurisdiction.
Extrinsic policies, exemplified by Kalb and Fidelity, are rare. The general rule is that courts
should treat subject matter jurisdiction according to general principles of res judicata; this
General rule and the very limited exceptions should be more clearly articulated in the
Restatement(second) of judgments

## Prayer for Relief

------------------------------

Therefore, Plaintiff, Petitioner demands judgment and relief as follows:
A. A declaration that the defendants, respondents have violated the rights of the plaintiff,
Petitioner under the 1,4,5.13, 14, amendments to the U.S. Constitution, Article I section
9, and Article I, section I, paragraph XV of the Constitution of the State of Georgia.
B. A mandatory injunction prohibiting defendants from further violating the same rights
Of the plaintiff or similarly person;.

4.

C. An award of compensatory damages against all defendants;.

D. An award of punitive damages against all defendants;

E. An award of treble damages against all defendants;

F. An award of attorney fees and cost of suit pursuant to 42usc1988 and the Federal Rules of Civil Procedure 54,68,71; and;

G. Such other relief as the court may deem proper.


I certify that all statements and attachments provided to Rico as part of this complaint Are true and correct to the best of my knowledge.


WILLIE C. WALKER,pro se
1236 Boat Rock Rd. SW
Atlanta, Georgia 30331
678-613-8112
williew1236@gmail.com

Willie C. Walker,pro,se

Dated- 8-16-19

Certificate of Service

------------------------------------

I Willie C. Walker, do hereby certify that I have served the ongoing pleadings of the proceeding Being a Rico Complaint, Notice of Filing, Motion For Joinder of Remedies, Brief in Support of Motion for Joinder of Remedies, Affidavit, as Portions of the record as Exhibits in the Superior Court of Fulton County and the U.S. District Court for the Northern District of Georgia, Atlanta Division:Upon the following by U.S. Mail.

1. Solicitor Gen. Office- Fulton County, State of Georgia.
   160 Pryor St. Suite J-301
   Atlanta, Georgia 30303
2. DBHDD, Georgia Attorney General Office
   40 Capital Square, SW
   Atlanta, Georgia 30334
3. Attorney General of the United States
   Office of the Attorney General
   U.S. Department of Justice
   950 Pennsylvania Avenue, N.W.
   Washington, D.C. 20530-0001

Re: Willie C. Walker pro se
1236 Boat Rock Rd. sw
Atlanta, Georgia 30331
678-613-8112
williew1236@gmail.com

Dated- $8 - 16 - 19$

Willie C. Walker, pro se

IN THE SUPERIOR COURT OF _Fulton_ COUNTY
**STATE OF GEORGIA**

_Willie C. Walker_
**Petitioner, *Pro se***

        v.

_Paul L. Howard, Jr._
**Respondent, District Attorney**

Case No: _HCD1032_

Judge: _Dunaway_

## ORDER

Having read and considered Petitioner's *Pro Se* Motion To Proceed *In Forma Pauperis* and Affidavit of Indigency, the Court finds Petitioner is indigent and

IT IS HEREBY ORDERED Petitioner be allowed to proceed *in forma pauperis* in the above-referenced case.

SO ORDERED, this the _23rd_ day of _August_, 20_18_.

_____

JUDGE, SUPERIOR COURT OF _Fulton_ COUNTY

Presented by:

_Willie C. Walker_

Petitioner, *Pro Se*



# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
## SUMMONS

_Willie C. Walker_

_____

**Plaintiff,**

vs.

_State of Georgia_
_The Boat Rock C.I.H_

**Defendant**

) Case
) No.: _HC0103D_
)
)
)
)
)
)
)
)
)
)
)
)
)
)

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file with the Clerk of said Court and serve upon plaintiff's attorney, whose name and address is:

_Willie C. Walker Pro se_
_1236 Boat Rock Rd. S.W._
_Atl. Ga. 30331_

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) days of such service. Then time to answer shall not commence until such proof of service has been filed. IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.

This _____23rd_____ day of _____August_____, 20 _18_

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By_____
Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

_____
Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used

FILED IN OFFICE

AUG 02 2018

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

WILLIE WALKER,                  )
                                )
        Petitioner,             )    Civil Action No. HC01031
                                )
v.                              )    PRESIDING JUDGE
                                )
STATE OF GEORGIA,               )
BOAT HOUSE INC. CIH,            )
                                )
        Respondents.            )

## ORDER

This matter is before the Court on Petitioner Willie Walker's application to proceed *in forma pauperis* in a Petition for a Writ of Habeas Corpus against the Respondents. Petitioner alleges ineffective assistance of counsel, amongst other Constitutional violations during the pretrial and competency determination process. Petitioner is currently housed in Boat House Inc., a Community Integration Home, which is located in Fulton County. Jurisdiction is therefore proper. O.C.G.A. § 9-14-43. Accordingly, this Court hereby **GRANTS** Petitioner's request to proceed *in forma pauperis* in a Petition for Writ of Habeas Corpus, and DIRECTS the CLERK to file the Petition.

SO **ORDERED** this _26_ day of July, 2018.

**DORIS L. DOWNS,**
**PRESIDING JUDGE**
Superior Court of Fulton County
Atlanta Judicial Circuit

*Copies to:*
Willie C. Walker
GDC No. 1027879
1236 Boat Rock Rd. SW
Atlanta, GA 30331

**MEMORANDUM**

To:     Judge Downs
From:   Allison Candler
Date:   July 19, 2018
Re:     Prisoner/Pro Se Filings
        RECOMMENDATIONS

Case:                    Willie Walker v. State of Georgia, Boat House Inc. CIH

Summary of Issue(s):     Whether Petitioner may file a Habeas action against the Respondent.

Applicable Law:                              **Habeas Corpus**
                         In a petition for habeas corpus, venue is proper in the Superior Court of the County
                         where the Petitioner is housed. **O.C.G.A. § 9-14-43**; *Smith v. Garner*, **236 Ga. 81,
                         222 S.E.2d 351** (1976).

                         Under **O.C.G.A. § 9-14-42(c),** habeas actions in the case of a felony must be
                         brought within four years from: the judgment of conviction becoming final by the
                         conclusion of direct review or the expiration of the time for seeking such review; the
                         date on which an impediment to filing a petition which was created by state action in
                         violation of the Constitution; the date on which the right asserted was initially
                         recognized by the Supreme Court of the United States or the Supreme Court of
                         Georgia; or the date on which the facts supporting the claims presented could have
                         been discovered through the exercise of due diligence.

Analysis                 Here, Petitioner has filed a Writ of Habeas Corpus alleging violations of his First,
                         Eighth, and Fourteenth Amendment rights during the pretrial and plea process. This
                         is a bit of an unusual case in that Petitioner is currently being held at Boat House
                         Inc., a "community Integrated Home," where he was involuntarily committed by
                         Order of Judge Campbell entered on November 7, 2017 (attached to Petition). The
                         language of the Habeas statute states that "[a]ny person restrained of his liberty as a
                         result of a sentence imposed by any state court of record may seek a writ of habeas
                         corpus to inquire into the legality of the restraint" may sue out a Writ of Habeas
                         Corpus. **O.C.G.A. § 9-14-1(c)**. Since Petitioner is involuntarily committed, this
                         would apply here. Thus, the filing of the Petition should be granted.

Recommendation:          **GRANT** the filing of the Petition to file Writ of Habeas Corpus.

Attached:                Order **GRANTING** the filing of the Petition to file a Writ of Habeas Corpus

EJ14

# CASE SUMMARY
## CASE NO. HC01031

| WILLIE WALKERVS.STATE OF GEORGIA, THE<br>BOAT ROCK C.I.H. | §<br>§<br>§<br>§ | Location: **EJ14**<br>Judicial Officer: **MARKLE, TODD**<br>Filed on: **08/02/2018** |
|---|---|---|

---

### CASE INFORMATION

**Statistical Closures**
10/17/2018    Dismissed

Case Type: **HABEAS CORPUS INMATE**

Case Status: **10/17/2018   Closed**

---

### PARTY INFORMATION

**PLAINTIFF**      **WALKER, WILLIE**

Pro Se

**DEFENDANT**    **STAT OF GEWORGIA, BOAT HOUSE INC. CIH**
Removed: 08/02/2018
ENTERED IN ERROR

**STATE OF GEORGIA, THE BOAT ROCK C.I.H.**

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 10/18/2018 | **DISMISSAL** (Judicial Officer: MARKLE, TODD) | |
| 10/17/2018 | 🗎 DISMISSAL ORDER<br>*ORDER DISMISSING CASE* | |
| 09/25/2018 | 🗎 ORDER<br>*TO DISMISS IF PETITIONER HAS NOT SERVED DEFENDANTS ON OR BEFORE 10/15/18* | |
| 08/02/2018 | 🗎 ORDER GRANTING FORMA PAUPERIS | |
| 08/02/2018 | 🗎 AFFIDAVIT OF POVERTY<br>*REQUEST TO PROCEED IN FORMA PAUPERIS* | |
| 08/02/2018 | 🗎 PLAINTIFF'S ORIGINAL PETITION<br>*APPLICATION FOR WRIT OF HABEAS CORPUS* | |

---

| DATE | FINANCIAL INFORMATION | |
|---|---|---|
| | **PLAINTIFF** WALKER, WILLIE | |
| | Total Charges | 265.00 |
| | Total Payments and Credits | 0.00 |
| | **Balance Due as of 12/18/2018** | **265.00** |

*Printed on 12/18/2018 at 1:44 PM*

EJ7

# CASE SUMMARY  4- 612-2812
## CASE NO. HC01032

| WILLIE WALKERVS.STATE OF GEORGIA,THE BOAT ROCK C.I.H.,PAUL HOWARD, Jr. | § § § § | Location: **EJ7** Judicial Officer: **DUNAWAY, ERIC** Filed on: **08/23/2018** |
|---|---|---|

---

### CASE INFORMATION

Case Type: **HABEAS CORPUS INMATE**

Case Status: **08/23/2018 Open**

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **PLAINTIFF** | WALKER, WILLIE C. | Pro Se |
| **DEFENDANT** | HOWARD, PAUL L., Jr. | |
| | STATE OF GEORGIA | |
| | THE BOAT ROCK C.I.H. | **CARR, CHRISTOPHER M.** *Retained* 404-656-3300(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT | INDEX |
|---|---|---|
| 12/04/2018 | SHERIFF'S ENTRY OF SERVICE *CORPORATION SERVICE OF THE BOAT ROCK CIH* | |
| 10/30/2018 | MOTION TO DISMISS *"APPLICATION FOR WRIT OF HABEAS CORPUS"* | |
| 10/26/2018 | SHERIFF'S ENTRY OF SERVICE *CORPORATION SERVICE OF DISTRICT ATTORNEY OFFICE* | |
| 10/22/2018 | RESPONSE *IN OPPOSITION TO APPLICATION FOR HABEAUS CORPUS - GA DBHDD* | |
| 08/23/2018 | AFFIDAVIT OF POVERTY *REQUEST TO PROCEED IN FORMA PAUPERIS* | |
| 08/23/2018 | ORDER GRANTING FORMA PAUPERIS *APPLICATION FOR WRIT OF HABEAS CORPUS* | |
| 08/23/2018 | PLAINTIFF'S ORIGINAL PETITION *APPLICATION FOR WRIT OF HABEAS CORPUS* | |

---

| DATE | FINANCIAL INFORMATION | |
|---|---|---|
| | **PLAINTIFF** WALKER, WILLIE C. | |
| | Total Charges | 265.00 |
| | Total Payments and Credits | 265.00 |
| | **Balance Due as of 12/18/2018** | 0.00 |

*Printed on 12/18/2018 at 1:45 PM*

IN THE SUPERIOR COURT OF _Fulton County_

STATE OF GEORGIA

_Willie C. Walker_ ,
_1027879_          Petitioner
                  Inmate Number

Civil Action No. _HC01032_

_State of Georgia_ , vs.
_The BoatRock C.I.H._ Warden
                  Respondent
(Name of Institution where you are now located)

Habeas Corpus

## APPLICATION FOR WRIT OF HABEAS CORPUS

## PART I: BACKGROUND INFORMATION ON YOUR CONVICTION

1. Name, county, and court which entered the judgment of conviction under attack:
   _Superior Court of Fulton County_

2. Date of conviction: _N/A_
   (Please Note: O.G.C.A. § 9-14-42(c) mandates that applications for writ of habeas corpus must be filed within a certain time. Please see Instructions (7) for more information.)

3. Length of sentence(s): _N/A_

4. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?   ☐ Yes   ☑ No

5. Name of offense(s). List all counts: _Obstruction, Child Molestation_
   _case no. 10SC93691 - 11SC99124_

6. What was your plea?  Please check one:

   ☐ Guilty
   ☐ Guilty but mentally ill
   ☑ Nolo contendere
   ☐ Not guilty
   If you entered a guilty plea to one count or indictment, and a not guilty or nolo contendere plea to another count or indictment, give details: _Atty. of Record - Pleaded - Mental_
   _Incompetency on both cases._

7. Kind of trial.  Please check one:

   ☐ Jury
   ☑ Judge only

8. Did you testify at the trial?   ☐ Yes   ☑ No

9.  Did you appeal from the conviction?   ☐ Yes   ☑ No

10. If you did appeal, answer the following:

Name of appellate court to which you appealed: _N/A_

Result of appeal: _N/A_

Date of result: _N/A_

11. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed
    any petitions, applications, or motions with respect to this conviction in any state or federal court?
    ☑ Yes   ☐ No

12. If your answer to 11 was "Yes," give the following information: (**Note:** If more than three petitions,
    please use a separate sheet of paper and use the same format to list them.)

A. Name of court and case number: _U.S. District Court Northern Dist. of Ga._

What kind of case or action was this? _Habeas Corpus- 1:11-CV-174-CAP_

All grounds raised (attach extra sheet of paper if necessary): _Speedy Trial and_
_double jeopardy._

Did a judge hear the case? ☐ Yes ☑ No   Did witnesses testify? ☐ Yes ☑ No

Name of Judge: _Charles A. Pannell Jr._

Result: _Habeas Corpus be, and the same hereby is and dismissed_

Date of Result: _May 13th, 2011._

B. As to any second petition, application or motion, give the same information. _# 13CV46792_

Name of court and case number: _Baldwin County Superior Court_

What kind of case or action was this? _Habeas Corpus_

All grounds raised (attach extra sheet of paper if necessary): _Collateral Estoppel,_
_double jeopardy._

Did a judge hear the case? ☑ Yes ☐ No   Did witnesses testify? ☐ Yes ☑ No

Name of Judge: _Trenton Brown -(verify)_

Result: _Dismissed in its entirety_

Date of Result: _January 8, 2014_

C. As to any third petition, application or motion, give the same information. _# S14A1337_

Name of court and case number: _Supreme Court of Georgia_

What kind of case or action was this? _direct appeal_

All grounds raised (attach extra sheet of paper if necessary): _Mootness Doctrine,_
_Equal Protection - constitutional Case._

Did a judge hear the case?   ☐ Yes  ☑ No   Did witnesses testify? ☐ Yes  ☑ No

Name of Judge: _All Justices concur_

Result: _Dismissed_

Date of Result: _June 16, 2014_

D. Did you appeal to the Georgia Supreme Court or the Georgia Court of Appeals from the result taken on any petition, application, or motion listed above?

First petition, application or motion:          ☐ Yes    ☑ No

Second petition, application or motion:      ☑ Yes   ☐ No

Third petition, application or motion:         ☑ Yes   ☐ No

E. If you did not appeal from the denial of relief on any petition, application or motion, explain briefly why you did not: _N/A_

F. If you appealed to the highest state court having jurisdiction, did you file a petition for certiorari in the United States Supreme Court to review the denial of your petition by the Georgia Supreme Court or the Georgia Court of Appeals?          ☐ Yes   ☑ No

13. Do you have any petition or appeal now pending in any court, either state or federal, as to the conviction under attack?         ☑ Yes   ☐ No

14. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

At preliminary hearing: _Samad Mubeen, 160 Trinity Ave._
_Atl. Ga. 30303 "                    "_

At arraignment and plea: _(Same)_

At trial: _Competency Hearing_

At sentencing: _Civil committment Order_

On appeal: _N/A_

In any post-conviction proceeding: _N/A_

On appeal from any adverse ruling in a post-conviction proceeding: _(Pro se petitioner)_
_Petitioner_

15. Do you have any other sentence, either state or federal, to serve after you complete the sentence imposed by the conviction under attack?          ☐ Yes   ☑ No

If so, give the name and location of the court(s) which impose any other sentence:

N/A

State the date and length of any other sentence to be served: N/A

Have you filed, or do you contemplate filing, any petition attacking the judgment(s) which imposed any other sentence?          ☐ Yes          ☑ No

## PART II: STATEMENT OF YOUR CLAIMS

State concisely every ground on which you now claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting the same.

1.
GROUND ONE: Denial of effective assistance of Counsel.

SUPPORTING FACTS. (Tell your story *briefly* without citing cases or law): Counsel of record fell to inform defendant of a Competency hearing by the court. Equitable relief, Collateral Estoppel, perpetuity. Identity of the issues.

2.
GROUND TWO: Fair Hearing

SUPPORTING FACTS. (Tell your story *briefly* without citing cases or law): The opportunity to cross-examine adverse witnesses, and the right to a jury.

3.
GROUND THREE: Extrinsic fraud, intrinsic fraud.

SUPPORTING FACTS. (Tell your story *briefly* without citing cases or law): Fraud that is not involved in the actual issues presented to a court and that prevents a full and fair hearing.

4.
GROUND FOUR: Mootness doctrine

SUPPORTING FACTS. (Tell your story *briefly* without citing cases or law): _____

Final Judgment and Order, Competent Evidence
was mooted by the transfer of defendant from
Fulton County Jail to Central State Hospital.
Inquisition, in rem judgment.

## PART III: OTHER CLAIMS NOT PRESENTED TO A COURT BEFORE THIS

If any of the grounds listed in PART II were not previously presented in any other court, state or federal, state *briefly* what grounds were not so presented, and give your reasons for not presenting them:

Competent Evidence, extrinsic and intrinsic fraud, because of the duration of the constitutional cause and that the Order modifying civil commitment dated 11-7-17 related back to the indictment in the criminal charges in the case. 4, 5, 14th amendments,

Wherefore, petitioner prays that the Court grant relief to which the petitioner may be entitled in this proceeding.

Willie C. Walker                              6-19-18
1236 Boat Rock Rd sw                        Date
Atlanta, Georgia 30331
Signature and Address of Petitioner's
Attorney (if any attorney)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing statements made in this Application for Writ of Habeas Corpus are true and correct.

Executed on    6-19-18
            Date

_____
Signature of Petitioner

Sworn to and subscribed before me this
_____ day of _____, 20____

_____
Notary Public or Other Person Authorized to Administer Oaths

MY COMMISSION EXPIRES
OCTOBER 17, 20__

---

**Please note that under U.O.C.G.A, §9-14-45 service of a petition of habeas corpus shall be made upon the person having custody of the petitioner. If you are being detained under the custody of the Georgia Department of Corrections, an additional copy of the petition must be served on the Attorney General of Georgia. If you are being detained under the custody of some authority other than the Georgia Department of Corrections, an additional copy of the petition must be served upon the district attorney of the county in which the petition is filed. Service upon the Attorney General or the district attorney may be had by mailing a copy of the petition and a proper certificate of service.**

IN THE SUPERIOR COURT OF _Fulton County_
STATE OF GEORGIA

_Willie C. Walker_ ,
Plaintiff

_1027879_ ,
Inmate Number

_State of Georgia_ vs.
_The Boat Rock C.I.H._
_State of Georgia_ ,
Defendant(s)

Civil Action No. _HC01032_

Nature of Action: _Habeas Corpus_

_____

_____

_____

## REQUEST TO PROCEED IN FORMA PAUPERIS

I, _Willie C. Walker_ , depose and say that I am the plaintiff in the above entitled case; that in support of my request to proceed without being required to prepay fees, costs, or give security therefore, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefore; that I believe I am entitled to redress.

I further swear that the responses which I have made to questions and instructions below are true.

1. List any and all aliases by which you are known: _Willie C. Walker_

2. Are you presently employed?        ☐ Yes      ☑ No

   If the answer is "Yes," state the amount of your salary or wages per month, and give the name and address of your employer: _N/A (Dover Staffing)_
   _Vinson Hwy. Milledgeville Ga._

   If the answer is "No," state the date of last employment and the amount of the salary and wages per month which you received: _November, 2017 #7.25_
   _per hour._

3. Have you received within the past twelve months any money from any of the following sources?

   Business, profession, or form of self-employment?     ☐ Yes      ☑ No

   Pensions, annuities, or life insurance payments?       ☐ Yes      ☑ No

   Rent payments, interest or dividends?                  ☐ Yes      ☑ No

Gifts or inheritances?     ☐ Yes    ☑ No

Any other sources?     ☑ Yes    ☐ No

If the answer to any of the above is "Yes," describe each source of money and state the amount received from each source during the past twelve months: _Social Security –_
_Disability check;_

4.   Do you own any cash, or do you have money in a checking or savings account? (Include any funds in prison accounts):    ☑ Yes    ☐ No

    If the answer is "Yes," state the total value of the items owned: _$2.30⁰⁰_

5.   Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?    ☐ Yes    ☑ No

    If the answer is "Yes," describe the property and state its approximate value: _N/A_
_Warranty Deed – Respondent Doctrine Superior_

6.   List the persons who are dependant upon you for financial support, state your relationship to those persons, and indicate how you contribute toward their support: _N/A_

_____

_____

_____

I understand that a false statement or answer to any question in this affidavit will subject me to penalties for perjury and that state law provides as follows:

   a.   A person to whom a lawful oath or affirmation has been administered commits the offense of perjury when, in a judicial proceeding, he knowingly and willfully makes a false statement material to the issue on point in question

   b.   A person convicted of the offense of perjury shall be punished by a fine of not more than $1,000 or by imprisonment for not less than one nor more than ten years, or both. O.G.C.A. § 16-10-70.

_Willie Ed Walker_       _6-19-18_
Signature of Plaintiff         Date

## VERIFICATION

I, _Willie C. Walker_____, do swear and affirm under penalty of law that the statements contained in this affidavit are true. I further attest that this application for in forma pauperis status is not presented to harass or to cause unnecessary delay or needless increase in the costs of litigation.

I am the plaintiff in this action and know the content of the above Request to Proceed in Forma Pauperis. I verify that the answers I have given are true of my own knowledge, except as to those matters that are stated in it on my information and belief, and as to those matters I believe them to be true. I have read the perjury statute set out above and am aware of the penalties for giving any false information on this form.

_____   _____
Signature of Affiant Plaintiff                          Date

Sworn to and subscribed before me this
_____ day of _____, 20 ___

_____
Notary Public or Other Person Authorized to Administer Oaths

**MY COMMISSION EXPIRES
OCTOBER 17, 20___**

> Please note that under O.G.C.A. § 42-12-5 service of an affidavit in forma pauperis, including all attachments, shall be made upon the court and all named defendants. Failure by the prisoner to comply with this code section shall result in dismissal without prejudice of the prisoner's action.

THIS FORM IS TO BE COMPLETED ONLY BY AN AUTHORIZED INDIVIDUAL AT THE INSTITUTION WHERE THE INMATE PLAINTIFF IS PRESENTLY INCARCERATED, OR HIS/HER DESIGNEE.

CERTIFICATION

I hereby certify that the Plaintiff herein, _Willie C. Walker_

has an average monthly balance for the last twelve (12) months of $ _____ on account at the _____

_____ institution where confined. (If not confined for a full twelve (12) months, specify the number of months confined. Then compute the average monthly balance on that number of months.)

I further certify that Plaintiff likewise has the following securities according to the records of said institution: _ _____

_____

_____

_____

_____        _6-19-18_
Authorized Officer of Institution              Date

NOTE:  Please attach a copy of the prisoner's inmate account of the last 12 months, or the period of incarceration (whichever is less).

✳ You may call me with Questions as this is not an institution.

Dametria Carson, UC

## Community Home Fee Statement
## for State-operated Adult MH and MH/AD Homes

| Line | | | | |
|---|---|---|---|---|
| 1 | Resident's Name | Willie Walker | Name of Home | Boat Rock St C.I.H. |
| 2 | Date Completed | February 26, 2018 | Operated by (hospital) | GRH/A |

3  Maximum Monthly Room & Board rate:  $ 780

4  Sources of income and amounts:
      a  Social Security
      b  SSI        $ 750
      c  VA
      d  Other Pension/Retirement
      e  Employment Pay   $ -
      f  Other

5  Total amount of individual's monthly income  $ 750

6  Monthly Deductions (round up to nearest $)
      a  Personal Spending    $ 91
      b  Savings Allowance*   $ 150
      c  Transportation        $ -
      d  Medical/Other Therapeutic $ 134
      e  Educational/Vocational** $ -
      f  TOTAL           $ 375

7  Income - Allowable Deductions  $ 375
8  Final R&B Rate           $ 375

9  Residual Funds      $ -
10  WOS Co-Pay %***   25.0%

11  WOS Co-Pay        $ -

12  R&B + WOS Co-Pay Total  $ 375

                            (For rate increases, third full month
13  Effective from Month/Year:   Feb-18        after notice is given)

14  Staff Signature

15  Supervisor's Signature

16  Resident/Guardian Signature:

*Complete and attach Savings Allowance Worksheet.
**Maximum $600 annually.
***See Sliding Fee Scale for WOS

When completed, send a copy to your FACILITY BILLING OFFICE and fax a copy to DMHDDAD Office of Forensic
Services at 404-657-2256.  Call Office of Forensics at 404-657-2270 for technical assistance with this form.

### Community Home Fee Statement
### for State-operated Adult MH and MH/AD Homes
### Savings Allowance Worksheet

**Line**

| | | | | |
|---|---|---|---|---|
| 1 | Resident's Name | Willie Walker | Name of Home | Boat Rock St C.I.H. |
| 2 | Date Completed | 2/26/2018 | Operated by (hospital) | GRH/A |

3   Describe the rationale for a savings allowance over the allowed minimum:

4   Savings Goal: Cash resources needed to move to a less restrictive alternative (max = $1,800)     $ 1,800

5   Current Savings: Funds resident currently has in savings     $ -

6   Amount resident can save via Savings Allowance during residence at Community Home     $ 1,800

7   Estimated number of months until individual will be able to move to a less restrictive alternative     12

8   Monthly savings allowance (enter on line 6b of Community Home Fee Statement)     $ 150

9   Effective Month/Year:     2/1/2018

10   Staff Signature:     _Greg Smith_

11   Supervisor's Signature

12   Resident/Guardian Signature:

**\*\*When completed, send a copy to your FACILITY BILLING OFFICE and fax a copy to DMHDDAD Office of**



Georgia Department of Behavioral Health &
Developmental Disabilities

DBHDD

Willie Walker
Avatar # 157109
Admission Date: 11/09/2017
B/M 04/08/1952
CIH OF GRH/ Atlanta
Date of Birth AND/OR Social Security Number

## AUTHORIZATION FOR RELEASE OF INFORMATION – STANDARD REQUEST

I hereby authorize the disclosure of records/information

From: _Boat Rock Community Integration_
(Name of health care provider holding the information - releasing agency)

To: _Fulton County Superior Court_
(Address)                    (Phone/Fax)
(Name of Person or Agency to whom information should be given - requesting agency)
(Address)                    (Phone/Fax)

_WCW_
Initials   I authorize the following information from my records (and any specific portion thereof): _living facility
process and any other information the court
requests to verify Mr Walker living arrangement._

_____
Initials   I authorize the disclosure of alcohol or drug abuse information, if any. (Please see paragraph 2 below). If I am a minor,
_____      my parent/guardian/court-ordered custodian and I BOTH must initial here in order for this information to be released.
Initials

_____
Initials   I authorize the disclosure of information, if any, concerning testing for HIV (human immunodeficiency virus) and/or
           treatment for HIV or AIDS (acquired immune deficiency syndrome) and any related conditions.

The above disclosure of information is for the purpose of: _____

1. I understand that the information disclosed pursuant to this Authorization may be subject to re-disclosure by the recipient and no longer protected by federal privacy regulations or other applicable state or federal laws (except as set forth in paragraph 2 below).
2. I understand that, pursuant to 42 C.F.R Part 2, alcohol and drug abuse records that I authorize to be disclosed pursuant to this document may not be further re-disclosed without my written consent, except by a court order that complies with the preconditions set forth at 42 C.F.R. 2.61 et seq., or the other limited circumstances specifically permitted by 42 C.F.R. Part 2. Any individual that makes such a disclosure in violation of these provisions may be reported to the United States Attorney and be subject to criminal penalties.
3. I understand that the Department or my healthcare provider will not condition my treatment, payment, or eligibility for any applicable benefits on whether I provide authorization for the requested release of information.
4. I intend this document to be a valid authorization conforming to all requirements of the Privacy Rule and State law, and understand that my authorization will remain in effect for: (PLEASE CHECK ONE) ☑ one (1) year OR ☐ the period necessary to complete all transactions on matters related to services provided to me.

I understand that unless otherwise limited by state or federal regulation, and except to the extent that action has been taken based upon it, I may revoke this authorization at any time as shown in the space below.

_Willie C. Walker_   Willie C. Walker   6-20-18
Signature of Individual/Consumer/Patient/Applicant    Print Name    Date

OR Signature of other person authorized to sign for Individual (check one):    Print Name    Date
☐ Parent ☐ Guardian ☐ Court-appointed Custodian of Minor
☐ Agent designated by Individual's advance directive

## USE THIS SPACE ONLY IF AUTHORIZATION IS WITHDRAWN
I hereby revoke this authorization, and will send written notice of my withdrawal of this authorization to the staff of the healthcare provider who is providing services to me, OR to the Department's Privacy Officer at 2 Peachtree St. NW, Suite 22.240 Atlanta, GA 30303-142.

_____
Date this authorization is revoked
DBHDD Policy: 23-110 Attachment A

_Signature of Individual or Legally Authorized Representative_

Version 3/31/2015

# Certificate of Service

I, Willie C. Walker, do hereby certify that I have served the ongoing pleadings of the proceeding being a Writ of Habeas Corpus upon the following: By E File GA. Com. U.S. mail.

1. The Boat Rock C.I.H.
   1236 Boat Rock Rd. S.W.
   Atlanta, Georgia 30331

2. District Atty. Gen. Office
   136 Pryor St. S.W.
   Third Floor, Atlanta, Georgia 30303

Dated: 6-19-18

re: Willie C. Walker
    1236 Boat Rock Rd. S.W.
    Atlanta, Georgia 30331
Residents Ph: 470-305-7139
Staff Phone: 404-586-9260
E mail - WillieW1236@gMail.Com

petitioner, pro, se

Copy — No Evidence (Please)

Exhibit-A

In The Superior Court of Fulton County
State of Georgia

Willie C. Walker          ) Case No. 10SC93691
v.s.                      ) Case No. 11SC99124
State of Georgia          ) Case No. 10SC93

FILED IN OFFICE
MAY 24 2011
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

Notice of Filing

Please take notice that in the above-entitled case matter of charges has been fully adjudicated in the U.S. District Court for the Northen District of Georgia. The final Order and Judgment of the dismissal is herewith attached.

re: Willie C. Walker                    Respectfully Submitted
    4-N-103#1027879
    901 Rice st                         Willie C. Walker
    Atl. Ga. 30318                       petitioner,

To the Clerk office:
Send Copies, Judge, Gager;
district Atty. Office.
Return file copy.

May 18, 2011.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIE C. WALKER,

        Petitioner,

      v.

STATE OF GEORGIA,

        Respondent.

CIVIL ACTION

NO. 1:11-CV-174-CAP

## O R D E R

After carefully considering the report and recommendation ("R&R") of the magistrate judge [Doc. No. 12], the entire record as a whole, there being no objections by the petitioner, the court receives the R&R with approval and ADOPTS the it as the opinion and order of this court.

SO ORDERED, this 13th day of May, 2011.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

WILLIE C. WALKER,

                Petitioner,

vs.

STATE OF GEORGIA,

                Respondent.

CIVIL ACTION FILE

NO. 1:11-cv-174-CAP

## J U D G M E N T

    This petition for a writ of habeas corpus having come before the court, Honorable Charles A. Pannell, Jr., United States District Judge, for consideration, and the petition having been considered and the court having rendered its opinion, it is

    **Ordered and Adjudged** that the petition for a writ of habeas corpus be, and the same hereby is and **dismissed**.

    Dated at Atlanta, Georgia, this 13th day of May, 2011.

                                     JAMES N. HATTEN
                                     CLERK OF COURT

                        By:  s/Andrea Gee_____
                              Deputy Clerk

Prepared, Filed and Entered
in the Clerk's Office
    May 13, 2011
James N. Hatten
Clerk of Court

By: s/Andrea Gee_____
    Deputy Clerk

Exhibit - (F)

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

OCT 21 2011

[    ]
CLERK

No. 11-13818-I

WILLIE C. WALKER,

Petitioner-Appellant,

versus

STATE OF GEORGIA,

Respondent-Appellee.

Appeal from the United States District Court
for the Northern District of Georgia

Before CARNES, WILSON, and PRYOR, Circuit Judges.

BY THE COURT:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. Appellant's notice of appeal

filed on August 9, 2011, is untimely as to the district court's May 13, 2011, final order and judgment.

*See* Fed.R.App.P. 4(a)(1); *Rinaldo v. Corbett*, 256 F.3d 1276, 1278 (11th Cir. 2001). Moreover, the

district court lacks the authority to reopen the appeal period because Walker's notice of appeal only

asked for an extension of time to appeal, and was filed more than 30 days after the appeal period

expired, so was untimely to extend it, and in any event the district court denied the motion.

Fed.R.App.P. 4(a)(5). Finally, he never alleged that he did not receive notice of judgment, so this

Court cannot otherwise construe the filing as a request to reopen the appeal period. Fed.R.App.P.

4(a)(6).

Appendix" A

*Exhibit (A)*

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

APR - 4 2011

JOHN LEY
CLERK
```

No. 11-10977-A

WILLIE C. WALKER,

Petitioner – Appellant,

versus

STATE OF GEORGIA,

Respondent – Appellee.

Appeal from the United States District Court
for the Northern District of Georgia

Before EDMONDSON, WILSON, and PRYOR, Circuit Judges.

BY THE COURT:

This appeal is DISMISSED, *sua sponte*, for lack of jurisdiction. The magistrate judge's

January 26, 2011, order is not a final, appealable decision. *See* 28 U.S.C. § 636(b); *Donovan v.*

*Sarasota Concrete Co.*, 693 F.2d 1061, 1066-67 (11th Cir. 1982); *United States v. Cline*, 566

F.2d 1220 (5th Cir. 1978).

No motion for reconsideration may be filed unless it complies with the timing and other

requirements of 11th Cir.R. 27-2 and all other applicable rules.

IN THE SUPERIOR COURT OF BALDWIN COUNTY
STATE OF GEORGIA

WILLIE C. WALKER,                      *
                                       *
            Petitioner,                *
                                       *
v.                                     *      CIVIL ACTION FILE NO.
                                       *      13CV46792
DAN HOWELL, Central State              *
Hospital,                              *
                                       *
                                       *
            Respondent.                *

## ORDER

Having considered the above referenced matter and reviewed all pleadings

filed in this case, it is hereby ordered and adjudged that the Motion to Dismiss filed

by Respondent is **GRANTED** and Applicant's Application for Writ of Habeas

Corpus is hereby dismissed in its entirety.

So **ORDERED** this ⁸ᵗʰ day of ___January___, 2015.

_____
                    Thornton Brown
Judge, Superior Court of Baldwin County

Order Prepared and Presented by:

_____
Jennifer Dalton
Senior Assistant Attorney General
Department of Law
40 Capitol Square
Atlanta, Georgia 30334
404-656-0942
jdalton@law.ga.gov

FILED IN OFFICE THIS
DAY OF
DEPUTY CLERK SUPERIOR COURT
BALDWIN COUNTY, GEORGIA

*Copy*

*Exhibit* ~~███████~~ (L)



**SUPREME COURT OF GEORGIA**
Case No.   S14A1337

Atlanta     June 16, 2014

The Honorable Supreme Court met pursuant to adjournment.

The following order was passed:

## WILLIE C. WALKER v. DAN HOWELL

From the Superior Court of Baldwin County.

Appellant seeks to appeal the dismissal of a pre-trial habeas petition. Because he was required to file an application for discretionary appeal, however, this direct appeal hereby is dismissed. Brown v. Crawford, 289 Ga. 722 (715 SE2d 132) (2011).
All the Justices concur.

**SUPREME COURT OF THE STATE OF GEORGIA**
Clerk's Office, Atlanta

I certify that the above is a true extract from the Minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

*Lui C. Fulton* , Chief Deputy Clerk

In The Superior Court of Fulton County
State of Georgia

FILED IN OFFICE

DEC 1 8 2018

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

Willie C. Walker                    )      Case No: 10SC93691

      Petitioner,                    )             11SC99124
V.
State of Georgia,                   )      Civil Action No. H C 01032
The Boat Rock C.I.H.
      Respondents.                       No. HC01C 31

Notice of Filing
-----------------------

O.C.G.A. 15-6-21

     Please take notice that in the above- style case matter, the petitioner herewith
Files his motion to Vacate and Set Aside the Order Dismissing Case of a Writ of Habeas
Corpus served upon the respondents for failure to perfect service of process.
     Service copies of the Fulton Sheriff Department is herewith Attached.

Dated: 11-5-2018

Respectfully Submitted;

_Willie C. Walker_

Willie C. Walker, Pro se

In The Superior Court of Fulton County
State Of Georgia

Willie C. Walker                                          Civil Action File No.
        Petitioner,

V.

State of Georgia,                                            H C 01031
Boat Rock C.I.H
        Respondent.

Motion- Vacate and Set Aside Order of Dismissal

    Come Now, Willie C. Walker petitioner in the above reference case and move this court
To vacate and set aside this court order dated October 17, 2018; dismissing the case for failure
to perfect service and process upon the respondents. O.C.G.A. 9-11-60 (d),(h ) permits the
court to relieve a party from an adverse order or judgment on various grounds, including fraud,
mistake, inadvertence,surprise or excusable neglect or because the court has assumed
Jurisdiction of the law practice of the parties pro se.


Dated: 11- 5- 2018                                  Respectfully Submitted,

Presented By:
Willie C. Walker, Pro se
1236 Boat Rock Rd. S.W.                             Willie C. Walker,pro se
Atlanta, Georgia 30331

.MA

IN THE SUPERIOR COURT OF FULTON COUNTY
ATLANTA JUDICIAL CIRCUIT
STATE OF GEORGIA



FILED IN OFFICE

OCT 1 7 2018

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

WILLIE WALKER,

    Petitioner,

v.

STATE OF GEORGIA, THE BOAT
ROCK C.I.H.,

    Respondent.

CIVIL ACTION FILE
NO. HC01031

JUDGE MARKLE

## ORDER DISMISSING CASE

    The above-styled action was filed on August 2, 2018. To date, this action has yet to be served. Petitioner is hereby notified that the Court will dismiss this Petition if it is not served on or before October 15, 2018.

    So Ordered, this _17_ day of October, 2018.

                              Honorable TODD MARKLE, Judge
                              Superior Court of Fulton County

cc:
Served via eFileGA

Additional Service
Willie Walker
GDC # 1027879
1236 Boat Rock Road, SW
Atlanta, GA 30331

MA

IN THE SUPERIOR COURT OF FULTON COUNTY
ATLANTA JUDICIAL CIRCUIT
STATE OF GEORGIA

FILED IN OFFICE

SEP 2 5 2018   LS

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

WILLIE WALKER,

      Petitioner,

v.

STATE OF GEORGIA, THE BOAT
ROCK C.I.H.,

      Respondent.

CIVIL ACTION FILE
NO. HC01031

JUDGE MARKLE

## ORDER

    The above-styled action was filed on August 2, 2018. To date, this action has yet to be served. Petitioner is hereby notified that the Court will dismiss this Petition if it is not served on or before October 15, 2018.

    So Ordered, this ___25___ day of September, 2018.

                               Honorable TODD MARKLE, Judge
                               Superior Court of Fulton County

cc:
Served via eFileGA

Additional Service
Willie Walker
GDC # 1027879
1236 Boat Rock Road, SW
Atlanta, GA 30331

| SHERIFF'S ENTRY OF SERVICE | SUPERIOR COURT |
|---|---|

Civil Action No. _____

Date Filed _____

Attorney's Address

GEORGIA, FULTON COUNTY

_____

_____ Plaintiff

VS.

Name and Address of Party to be Served

_____

_____

_____

_____ Defendant

### SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐

I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving a copy of the action and summons at this most place notorious place of abode in this county.

Delivered same into hands of _____ described as follows age, about____ years; weight, about_____ pounds; height about___ feet and___ inches, domiciled at the residence of the defendant.

**CORPORATION** ☐

Served the defendant _____ a corporation

by leaving a copy of the with in action and summons with _____

in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon continuing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____

not to be found in the jurisdiction of this court.

This _____ day of _____ 20____.

_____

DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE - CLERK; CANARY - PLAINTIFF; PINK - DEFENDANT

SHERIFF'S ENTRY OF SERVICE

Civil Action No. _____

Date Filed _____

Attorney's Address

_____

_____

_____

Name and Address of Party to be Served

_____

_____

_____

SUPERIOR COURT

GEORGIA, FULTON COUNTY

x _____

_____
_____ Plaintiff

VS.

_____

_____
_____ Defendant

SHERIFF'S ENTRY OF SERVICE

I have this day served the defendant _____ personally with a copy of the within action and summons.

_____

I have this day served the defendant _____ by leaving a copy of the action and summons at this most place notorious place of abode in this county.

Delivered same into hands of_____ described as follows age, about____years; weight, about_____pounds; height about___feet and ___ inches, domiciled at the residence of the defendant.

_____

Served the defendant_____ a corporation

by leaving a copy of the with in action and summons with _____

in charge of the office and place of doing business of said Corporation in this County.

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon continuing notice to the defendant(s) to answer said summons at the place stated in the summons.

_____

Diligent search made and defendant_____ not to be found in the jurisdiction of this court.

_____

This_____day of_____20_____

_____
DEPUTY

SHERIFF DOCKET_____PAGE _____

PERSONAL ☐

NOTORIOUS ☐

CORPORATION ☐

TACK & MAIL ☐

NON EST ☐

WHITE - CLERK; CANARY - PLAINTIFF; PINK - DEFENDANT

SHERIFF'S ENTRY OF SERVICE

Civil Action No. _____

Date Filed _____

Attorney's Address

Name and Address of Party to be Served

SUPERIOR COURT

GEORGIA, FULTON COUNTY

_____

_____ Plaintiff

VS.

_____

_____ Defendant

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐

I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving a copy of the action and summons at this most place notorious place of abode in this county.

Delivered same into hands of_____ described as follows age, about____ years; weight, about_____ pounds; height about___ feet and ___ inches, domiciled at the residence of the defendant.

**CORPORATION** ☐

Served the defendant _____ a corporation by leaving a copy of the with in action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of the same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon continuing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____ not to be found in the jurisdiction of this court.

This_____day of_____20_____

_____
DEPUTY

SHERIFF DOCKET_____ PAGE _____

## Certificate of Service
---------------------------------

I, Willie C. Walker, do hereby certify that I have served the ongoing pleadings of the proceedings being a Notice of Filing, Motion to Vacate and Set Aside Order dismissing Case, Copies of the Sheriff service forms upon the following: by U.S. Mail.

1.  The Boat Rock C.I.H.
    1236 Boat Rock Rd. S.W.
    Atlanta, Georgia 30331

2.  District Attorney Office
    Kevin Armstrong, Asst. Dist. Atty.
    Office of the Fulton County District Attorney
    136 Pryor St. S.W. Third Floor
    Atlanta, Georgia 30303

Dated: *12-18-2018*.

Re: Willie C. Walker, Pro se
1236 Boat Rock Rd. S.W.
Atlanta, Georgia 30331
Cell Ph.678-613-8112
Residents Ph. 470-305-7139

Petitioner, Willie C. Walker, Pro se

In the Superior Court of Fulton County
State of Georgia

In The Municipal Court of Union City
State of Georgia

Willie C. Walker                                    )        Superior Court Case No.
                                                              10SC93691, 11SC99124
        Petitioner,                                          Civil Action No.H C 01032
Vs.                                                 )        Civil Action No.H C 01031
State Of Georgia,                                            Municipal Court No.2018-213003
Union City Police Department,
Antron Evans                                        )
        Respondents

---

Notice of Filing
-------------------------

   Please take notice that in the above-style case matter, the petitioner herewith files Motion for
Joinder of Remedies, Brief in Support of Motion for Joinder of Remedies,Affidavit and Exhibits
Of the Record in the Superior Court of Fulton County, copy of Citation.

Dated----/-//-/9-------------.


Willie C. Walker, pro se
1236 Boat Rock Rd. SW                               Willie C. Walker, pro se
Atlanta Georgia 30331
williew1236@gmail.com
678-613-8112
470-305-7139

The Municipal Court of Union City
State of Georgia

Willie C. Walker                         )
     Petitioner,

                         )

VS

                         )         case no. 2018-213003

State of Georgia,
Union City Police Department,      )
Antron Evans

     Respondents.

### Motion for Joinder of Remedies
-------------------------------------------------

   The joining of two claims in one action even though one cannot be recognized until the other Is resolved: the combination of legal and equitable claims in one action when a fraudulent Conveyance must first be set aside legally before equitable relief can be granted to a creditor.

   Petitioner vest Title, Warranty Deed, Respondent Doctrine Superior of the Superior Court of Fulton County, created (1980).

Dated‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑‑

                                     Petitioner, Willie C. Walker , Pro se

Willie C. Walker, Pro se
1236 Boat Rock Rd. SW
Atlanta Georgia 30331
678-613-8112
williew1236@gmail.com

The Municipal Court of Union City
State of Georgia

Willie C. walker,                          )               case no.2018-213003
    Petitioner.                        )
                                )

VS

State of Georgia,
Union City Police Department,
 Antron Evans
       Respondents.


Brief in Support of Motion for
Joinder of Remedies
-------------------------------------------

  Petitioner is currently being held at Boat Rock Inc. a " community Integrated Home" where
He is involuntary committed by Order of Judge Campbell entered on November 7, 2017.
  On the date of 12-16-2018, said co-defendant was charged with the offense of Battery-
Code section 16-5-23.1. Said accuse Antron Evans did on said date did commit aggravated
Battery-code section 16-5-24 upon said Willie C. Walker by striking him about the left side of
His head while in possession of a case knife, causing said defendant a swollen face where he
Was struck after being awaken from bed. Joinder of a party to a suit require by the court when
The party is indispensable to complete relief for parties already involved or when the party
claims an interest that may substantially affect the other parties or may be put at risk by  the
action.

  See permissive joinder. W.M. McGovern Jr. et al. Federal Rules of Civil Procedure- Rule 19
(a). Join issues with the conclusion. Collateral Attack, (RICO)- 18 USC 1961-1968. (1970.


                                       Respectfully Submitted,

                                       Willie C. Walker, Pro se

Certificate of Service
------------------------------------

I, Willie C. Walker, do hereby certify that I have served the ongoing pleadings of the Proceeding being a Notice of Filing, Motion for Joinder of Remedies, Brief in Support of Motion for Joinder of Remedies, Affidavit, Portions of the Record as Exhibits in the Superior Court of Fulton County. Upon the Following by U.S. Mail.

1. The Boat Rock C.I.H.
   1236 Boat Rock Rd. SW
   Atlanta, Georgia 30331

2. District Atty. Office
   136 Pryor St. SW. Third Floor
   Atlanta, Georgia 30303

3. Clerk of the Superior Court of Fulton County
   136 Pryor St. Room 106
   Atlanta, Georgia 30303

4. The Municipal Court of Union City
   5060 Union St.
   Union City, Georgia 30291

Dated------ 1 - 11 - 19 -------------------

_Willie C. Walker_

Willie C. Walker, pro se

Willie C. Walker
1236 Boat Rock Rd. SW
Atlanta, Georgia 30331
williew1236@gmail.com
678-613-8112

The Municipal Court of Union City
State of Georgia

Willie C. Walker                                          Case No.2018-213003
     Petitioner,

Vs

State of Georgia,
Union City Police Department,
Antron Evans
     Respondents

## Affidavit

-------------

State of Georgia
County of Fulton
    The undersigned _Willie C. Walker_, being duly sworn, hereby deposes and say:

1. I am over the age of 18 and am a resident of the State of Georgia. I have personal Knowledge of the facts herein, and, if called as witness, could testify completely thereto.

2. Petitioner is currently house in the Boat Rock House Inc. a community Intergrated home Which is located in Fulton County. Jurisdiction is therefore proper. O.C.G.A. 9-14-43.

3. On the date of 12-16-18 said co- defendant was charged with offense of Battery code Section O.C.G.A. 16-5-23. 1.

4. Said accused Antron Evans did on said date commit aggravated battery O.C.G.A. 16-5-24 Upon said Willie C. Walker by striking him about the head while in possession of a case Knife causing said co- defendant a swollen face where he was struck after being awaken from bed.

5. That co-defendant Antron Evans and Willie C. Walker were room mates in the Boat Rock home Inc. After being charged with said offenses he was removed from the room and told not To violate his limitations by coming to the bedroom again, but did on 12-27-18 at 5 :30 am co-defendant was awaken by said co-defendant in the bedroom, no incident insued at that time.

6. That the Notice of filing O.C.G.A 15-6-21 of the United States District Court Final Order and Judgment is a appealable order O.C.G.A. 9-11-60 (d) (h) in the rendition of the court jurisdiction.

    That the issues are moot and that probable cause exist. That the case should be bound over to the jurisdiction of the Superior Court of Fulton County. See O.C,G.A. 9-14-43, 9-14-42(c), 9-14-1(c).

                                        _Willie C Walker_
                                   Signature of Affiant, Willie C. Walker, pro se

I declare that , to the best of my knowledge and belief, the information herein is true, correct, and complete.

1 of 2

Executed this ------3------day of ----------*JANUARY*---------2019.
Sworn to and subscribed before me this ------3--------Day of ------------*January* *2019*------------

-----*Debra Harper*--------------------------------

Notary Public or other Person Authorized to Administer Oaths

**MY COMMISSION EXPIRES**
**OCTOBER 17, 20___.**

2 of 2



Bind over Notification

Date: _____2/26/19_____

Defendant: _____Walker, Willie_____

Citation(s): _____4276C_____

Your citation(s) have been bound over to the State Court of Fulton County. The City of South Fulton Municipal Court no longer has jurisdiction over your citation(s). Should you have any questions regarding your citation(s) please contact:

Office of Fulton County Solicitor
160 Pryor Street, SW
3rd Floor
Atlanta, GA 30303
404-612-4800

Thank you,

City of South Fulton Municipal Court Staff

5440 Fulton Industrial Boulevard, Atlanta, Georgia 30336
(470) 809-7700
www.cityofsouthfultaonga.gov



STATE COURT OF FULTON COUNTY
ATLANTA, GEORGIA

## STATE COURT OF FULTON COUNTY
### CRIMINAL DIVISION

The Honorable Myra Dixon, Chief Judge
Nichole C. Milton, Chief Deputy Clerk
160 Pryor Street SW, Suite J-150
Atlanta, Georgia 30303
(404) 612-5085
www.fultonstate.org

## INFORMATION REGARDING
### CASES THAT ARE BOUND OVER TO STATE COURT

Municipal Court bind-over cases are sent *directly* to the state prosecutor, the Fulton County Solicitor General, to be reviewed and a charging decision made. Per Georgia law (O.C.G.A. § 17-3-1), the Solicitor General has **two years** from the date of the incident to file a formal accusation of misdemeanor traffic charges. Only at that time will a formal case be initiated against you in Fulton County State Court. Soon thereafter, you will receive notice in the mail of your next court date at the address listed on your citation. Again, this may occur **up to 2 years** after the date of the incident.

We understand that your mailing address may change between the time your case is bound-over and when it is formally charged by the Solicitor General. Unfortunately, because your case is sent *directly* to the Solicitor General, this Court has no record that can be updated. If your address has changed since you were issued a citation, we recommend that you check with our office every 1-2 months to see if a formal accusation has been filed against you. You may do so by checking our records online at www.fultonstate.org. Click on "Online Court Records" to the left of our home page of our website. You will then again click on "Online Court Records". Using Smart Search, search for your name. Once you are able to locate your case here, you may submit a Change of Address in writing to our office. Be sure to reference your new State Court case number when filing your Change of Address.

The following phone numbers may be helpful during this process:
- Office of the Fulton County Solicitor General (404-612-4800)
- State Court of Fulton County, Criminal Division (404-612-5085)

# REPORTING OFFICER NARRATIVE

| South Fulton Police Department | | OCA |
|---|---|---|
| | | *2018-213003* |
| Victim | Offense | Date / Time Reported |
| *EVANS, ANTRON SHIROD* | *BATTERY* | *Sun 12/16/2018 00:45* |

**THE INFORMATION BELOW IS CONFIDENTIAL - FOR USE BY AUTHORIZED PERSONNEL ONLY**

On 12/16/18 while on uniform patrol, I Corporal O. Fears responded to 1236 Boat Rock Rd in reference to a physical dispute among cohabitants. Upon arrival I made contact with Mr Antron Evans where he stated his roommate (Willie Walker) struck him on the hand during a verbal dispute. Mr Evans stated he and Mr Walker engaged in a verbal dispute regarding a difference in opinion from a previous discussion and the feeling of being antagonized. Mr Evans stated he suffers from and has been diagnosed with Schizophrenia. Mr Evans stated he consumes his prescription medication regularly and recently completed his daily dosage. Mr Evans stated Mr Walker initiated an argument and struck him on his right hand with a small decorative lamp. Mr Evans stated he then returned a counter punch striking Mr Walker on the left side of his face with a closed fist.

I then made contact with Mr Willie Walker where he stated while asleep in the bed Mr Evans initiated an argument with him. Mr Walker stated he then asked Mr Evans to disengage the conversation and allow him to continue resting. Mr Walker stated Mr Evans refused his requested and proceeded to confront him regarding previous discussions. Mr Walker stated Mr Evans suddenly struck him on the left side of his face with a closed fist, where he then obtained a nearby decorative lamp to defend himself. Mr Walker stated he did not strike Mr Evans at any point during the physical dispute.

Both individuals gave conflicting testimonies and contradicting physical evidence. I observed swelling on the right hand of Mr Antron Evans and swelling to the left side of Mr Willie Walker`s face.

Both individuals received a criminal charge in violation O.C.G.A. 16-5-23.1 Battery with a following court date of January 29 2019 at 9:30am.

Mr Antron Evans was voluntarily transported to Grady Memorial Hospital by ambulance unit 813 for Phyciatric evaluation.

The two individuals were separated and received a copy of the applied criminal charge.

*Willie Walker*

# INCIDENT/INVESTIGATION
## REPORT

| | |
|---|---|
| **Agency Name** | |
| South Fulton Police Department | |
| **ORI** | |
| GA 0607200 | |

| | |
|---|---|
| **Case#** 2018-213003 | |
| **Date / Time Reported** 12/16/2018 00:45  Sun | |
| **Last Known Secure** 12/16/2018 00:45  Sun | |
| **At Found** 12/16/2018 00:45  Sun | |

**I N C I D E N T   D A T A**

| Location of Incident | Premise Type | Zone/Tract |
|---|---|---|
| 1236 Boat Rock Rd., South Fulton GA 30331- | Resident/home | SF41 |

| #1 | Crime Incident(s) (Com) | Weapon / Tools PERSONAL WEAPONS (HANDS,FEET) | | Activity |
|---|---|---|---|---|
| | Battery | | | |
| | 1313 | Entry | Exit | Security |

| #2 | Crime Incident ( ) | Weapon / Tools | | Activity |
|---|---|---|---|---|
| | | Entry | Exit | Security |

| #3 | Crime Incident ( ) | Weapon / Tools | | Activity |
|---|---|---|---|---|
| | | Entry | Exit | Security |

**MO**

---

**V I C T I M**

| # of Victims 2 | Type: INDIVIDUAL | Injury: Apparent Minor Injuries | Domestic: N |
|---|---|---|---|

| | Victim/Business Name (Last, First, Middle) | Victim of Crime # | DOB | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|
| V1 | EVANS, ANTRON SHIROD | 1, | 05/11/1985 Age 33 | B | M | VO | Resident | |

| Home Address | Home Phone |
|---|---|
| 1236 BOAT ROCK RD. , South Fulton, GA 30331- | |

| Employer Name/Address | Business Phone | Mobile Phone |
|---|---|---|
| | | |

| VYR | Make | Model | Style | Color | Lic/Lis | VIN |
|---|---|---|---|---|---|---|
| | | | | | | |

---

**O T H E R S   I N V O L V E D**

| CODES:  V- Victim (Denote V2, V3)    O = Owner (if other than victim)    R = Reporting Person (if other than victim) | | | |
|---|---|---|---|

| Type: INDIVIDUAL | | Injury: Apparent Minor Injuries | |
|---|---|---|---|

| Code | Name (Last, First, Middle) | Victim of Crime # | DOB | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|
| V2 | WALKER, WILLIE CLARENCE | 1, | xx/xx/1952 Age 66 | B | M | VO | Resident | |

| Home Address | Home Phone |
|---|---|
| 1236 Boat Rock Rd.  South Fulton, GA 30331 | |

| Employer Name/Address | Business Phone | Mobile Phone |
|---|---|---|
| | | |

| Type: | Injury: |
|---|---|

| Code | Name (Last, First, Middle) | Victim of Crime # | DOB | Race | Sex | Relationship To Offender | Resident Status | Military Branch/Status |
|---|---|---|---|---|---|---|---|---|
| | | | Age | | | | | |

| Home Address | Home Phone |
|---|---|
| | |

| Employer Name/Address | Business Phone | Mobile Phone |
|---|---|---|
| | | |

---

**P R O P E R T Y**

| 1 = None    2 = Burned    3 = Counterfeit / Forged    4 = Damaged / Vandalized    5 = Recovered    6 = Seized    7 = Stolen    8 = Unknown  ("OJ" = Recovered for Other Jurisdiction) | | | | | | | | |
|---|---|---|---|---|---|---|---|---|

| VI # | Code | Status Frm/To | Value | OJ | QTY | Property Description | Make/Model | Serial Number |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

---

| Officer/ID# | FEARS, O. (SFPD46) | | |
|---|---|---|---|
| Invest ID# (0) | | Supervisor | WOOD, L. (SFPD81) |

| **Status** | Complainant Signature | Case Status Cleared By Arrest Adult | 12/18/2018 | Case Disposition: Cleared By Arrest | 12/18/2018 | Page 1 |
|---|---|---|---|---|---|---|
| | R_CS1.IBR | Printed By: SFPD86, | | Sys#: 17884 | | |

01/04/2019 15:10

# INCIDENT/INVESTIGATION REPORT

South Fulton Police Department

Case # 2018-213003

| Status Codes | 1 = None | 2 = Burned | 3 = Counterfeit / Forged | 4 = Damaged / Vandalized | 5 = Recovered | 6 = Seized | 7 = Stolen | 8 = Unknown |
|---|---|---|---|---|---|---|---|---|

| | IBR | Status | Quantity | Type Measure | Suspected Type | |
|---|---|---|---|---|---|---|
| D | | | | | | |
| R | | | | | | |
| U | | | | | | |
| G | | | | | | |
| S | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

Assisting Officers

ROGERS, J. (SFPD70)

Suspect Hate / Bias Motivated:

NARRATIVE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WILLIE C. WALKER,                          :
                                           :
            Petitioner,                    :        5:14-CV-323 (CAR)
                                           :
vs.                                        :        Proceeding Under
                                           :        28 U.S.C. § 2241
SUSAN TRUEBLOOD,                           :
                                           :
            Respondent.                    :
_____

*ORDER ON THE RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE*

Before the Court is the Report and Recommendation [Doc. 15] from United

States Magistrate Judge Charles H. Weigle to deny Petitioner's petition for relief

pursuant to 28 U.S.C. § 2241. Petitioner has filed an Objection to the

Recommendation [Doc. 16]. Pursuant to 28 U.S.C. § 636(b)(1), the Court has

thoroughly considered Petitioner's Objection, has made a *de novo* determination of

the portions of the Recommendation to which Petitioner objects, and finds the

Objection to be without merit.

Despite Petitioner's arguments and additional evidence, he still fails to show

he has appealed his <u>current</u> order of civil commitment or has sought habeas relief

from the <u>current</u> confinement. Petitioner did attach "Exhibit L" to the Objection;

however, this exhibit does not show he has appealed or sought habeas relief from

the January 10, 2014 order of civil commitment. In order to obtain federal relief,

Petitioner must show that he has pursued a petition for writ of habeas corpus from

the Baldwin County court's final order of civil commitment or that he has

petitioned for relief under O.C.G.A. § 17-7-131(f); or he must show that these state

remedies were unavailable or would prove ineffective to protect his rights. Because

Petitioner has failed to do so, his Section 2241 petition must be dismissed.

This Court agrees with the Magistrate Judge's reasoning and conclusions as

set forth in the Recommendation and OVERRULES Petitioner's Objection.

Accordingly, the Recommendation [Doc. 15] is **ADOPTED** and **MADE THE**

**ORDER OF THIS COURT**, and Petitioner's petition for relief pursuant to 28 U.S.C.

§ 2241 [Doc. 1] is hereby **DISMISSED**.

SO ORDERED, this 20th day of November, 2015.

S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WILLIE C. WALKER,                              *

                    Petitioner,                *

v.                                             *         Case No. 5:14-CV-323-CAR

SUSAN TRUEBLOOD,                               *

                    Respondent.                *

                                               *

## J U D G M E N T

Pursuant to this Court's Order dated November 20, 2015, having accepted the recommendation of the United States Magistrate Judge, in its entirety, JUDGMENT is hereby entered dismissing this action.

This 20th day of November, 2015.

                              David W. Bunt, Clerk


                              s/ Amy N. Stapleton, Deputy Clerk

Exhibit-(I)

I hereby attest and certify that this is a true and correct printed copy of a document which was electronically filed with the United States District Court for the Northern District of Georgia.

Date Filed: 6/18/2013

X White, Deputy Clerk

Clerk of Court
James N. Hatten

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA AUG 13 2014
ATLANTA DIVISION

| | | |
|---|---|---|
| WILLIE C. WALKER, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | |
| | : | |
| STATE OF GEORGIA et al., | : | CIVIL ACTION NO. |
| Defendants. | : | 1:13-CV-1581-CAP-LTW |

## ORDER AND FINAL REPORT AND RECOMMENDATION

Plaintiff is confined at Central State Hospital in Milledgeville, Georgia. Plaintiff, pro se, filed a complaint under 42 U.S.C. § 1983. (Doc. 1.) Because it was unclear from the complaint what claims, if any, Plaintiff wished to assert and what relief he sought, the Court directed him to file an amended complaint on a § 1983 form. (Doc. 3.) Plaintiff complied. (Doc. 4.) Unfortunately, the amended complaint is not much clearer than the original.

It appears from Plaintiff's filings that he has been charged with crimes in Fulton County, Georgia and has been deemed mentally incompetent to stand trial. Plaintiff states that he was transferred from jail to the mental hospital in November 2011. (Doc. 4 at 6.)

Plaintiff alleges that hospital staff censored his mail in violation of his right to access the courts and used excessive force against him in 2012. (Id. at 6-9.) The

( I )

hospital is located in Baldwin County, Georgia, which is not within the jurisdiction

of this Court. Baldwin County is within the jurisdiction of the U.S. District Court for

the Middle District of Georgia. That court is the proper venue for Plaintiff's claims

regarding the events that allegedly occurred at the hospital. *See* 28 U.S.C. § 1391(b).

Plaintiff also appears to seek habeas relief in his amended complaint, as he

discusses the history of the prior case he filed in this Court seeking habeas relief while

he was in jail awaiting trial. (Doc. 4 at 3-5, 10.) The Court dismissed that case

because there were no special circumstances warranting intervention in the state

criminal proceedings. Order, *Walker v. Georgia*, No. 1:11-cv-174-CAP (N.D. Ga.

May 13, 2011), *appeal dismissed*, No. 11-13818-I (11th Cir. Oct. 25, 2011). In his

amended complaint in this case, Plaintiff recites the law discussed in the Court's

Orders in the prior case but makes no showing that intervention in his state criminal

case is now warranted. (Doc. 4 at 3-5, 10.) Plaintiff's filings also do not indicate that

he has exhausted the state remedies available to him to challenge his confinement at

the hospital or any adjudication that he is mentally incompetent to stand trial.[1]  (*See*

---

[1] Plaintiff attached to his original complaint a document he drafted and titled
"Writ of Habeas Corpus" with a caption of the Superior Court of Baldwin County.
(Doc. 1 at 27-28.) The document is dated March 27, 2013. (*Id.* at 28.) The Court's
staff contacted the clerk's office of the Baldwin County Superior Court and learned
that the Baldwin County court has no record of any habeas filing by Plaintiff.

2

*(I)*

Docs. 1, 4); O.C.G.A. § 37-3-148(a) (providing that persons detained as incompetent to stand trial may seek habeas relief in state courts). Thus, this § 1983 action should not be recharacterized as a habeas action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that habeas corpus is the "sole federal remedy" when a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from . . . imprisonment").

Because this Court is not the proper venue for Plaintiff's claims under § 1983 regarding events occurring at the hospital and Plaintiff may not obtain release from his confinement under § 1983, the undersigned **RECOMMENDS** that this action be **DISMISSED WITHOUT PREJUDICE** to Plaintiff's right to present his § 1983 claims in the proper venue and to present any claims for habeas relief in a proper action after exhaustion of state remedies. The Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* for purposes of dismissal only.

**SO ORDERED & RECOMMENDED** this *16* day of *June*, 2013.

LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

3

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA



**STATE OF GEORGIA**

**V.**

**Willie Walker**

INDICTMENT NO. 10SC93691

## JUDGEMENT AND ORDER IN PLEA OF
## MENTAL INCOMPETENCY TO STAND TRIAL

The defendant in the above-styled case, while represented by Counsel, has waived a jury trial. The Court sitting as judge and jury trying the issue formed upon the Defendant's Plea of Mental Incompetency to Stand Trial, finds as follows:

Counsel for Defendant has presented to the Court sufficient psychiatric evidence to show that Defendant is incapable of understanding the nature of the charges against him/her, nor of understanding the object of the proceedings against him/her, and is incapable of rendering his/her attorney proper assistance in his/her defense. Counsel moves that his/her plea be sustained by the Court and that the Defendant be placed in the custody of the Department of Human Resources (DHR).

After consideration of all the medical evidence and the attached psychiatric report, the Court, the Court finds in favor of the Defendant's Plea of Mental Incompetency to Stand Trial.

THEREFORE, the Court hereby ORDERS that the Defendant be confined in a State facility for the mentally ill. Within ninety (90) days after the Department of Human Resources has received custody of the Defendant, the Defendant shall be evaluated and a diagnosis made as to whether he/she is presently competent to stand trial or whether there is substantial probability that the Defendant will at some future time attain mental competency to stand trial in the said case.

IT IS FURTHER ORDERED that the Department of Human Resources shall report their findings and the reasons therefore to this Court.

IT IS THE FURTHER ORDER of this Court that the Sheriff of Fulton County shall transport and deliver said Defendant to the State hospital for the mentally ill, to be selected by the Department of Human Resources, along with two (2) copies of this Order.

The Court FURTHER ORDERS that the Defendant be confined and treatment rendered in accordance with O.C.G.A. §17-7-130.

This the _____3_____ day of _____June_____, 20_11_.

_____
John J. Goger
Judge, Superior Court of
Fulton County, Georgia

01/17/2014  12:22  4042125488                          FORENSICS                          PAGE  02/11

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA



STATE OF GEORGIA                    :
                                   :
v.                                 :        INDICTMENT NOS:
                                   :
WILLIE C. WALKER,                  :        10SC93691
                                   :        11SC99124
        Defendant.                 :

### JUDGMENT AND ORDER OF CIVIL COMMITMENT FOLLOWING A FINDING OF INCOMPETENCE TO STAND TRIAL FOR VIOLENT OFFENSE

This matter came before the undersigned Judge on a Petition for Hearing to Determine Need for Civil Commitment to the Department of Behavioral Health and Development Disabilities after being found Incompetent to Stand Trial pursuant to O.C.G.A.§ 17-7-130. A hearing was held on January 10, 2014 in which the Defendant was represented by Chaudani Patel and the State was represented by Irina Khasin and David Wong. The Court having heard clear and convincing evidence of the Defendant's mental condition at said hearing makes the following findings of fact and conclusions of law:

1.  The accused is charged with the violent offenses of Aggravated Child Molestation and Obstruction of Law Enforcement Officer.

2.  The accused has been found Incompetent to Stand Trial on the foregoing charges.

3.  The accused is mentally ill with a diagnosis of Schizophrenia Paranoid type.

4.  The accused patient presents a substantial risk of imminent harm to self or others or is so unable to care for his own physical health and safety as to create an imminently life-endangering crisis.

5.  Commitment to the Department of Behavioral Health and Developmental Disabilities on an inpatient basis is the least restrictive environment for treatment for the accused.

RECEIVED
JAN 2 1 2014

01/17/2014  12:22    4042125480                    FORENSICS                          PAGE  11/11

6. The Court finds the accused is a mentally ill person who meets the statutory criteria requiring involuntary treatment as set out in O.C.G.A. § 37-3-1(9.1).

7. The accused shall be reevaluated annually for civil commitment to the Department of Behavioral Health and Developmental Disabilities. However, pursuant to O.C.G.A. § 17-7-130 (e)(2)(B)(iv), the accused shall not be civilly committed beyond the maximum period of life, which is the most the accused could have been sentenced on the most serious violent offence charged of Aggravated Child Molestation.

The Court having found the accused meets the civil commitment criteria of O.C.G.A.§ 37-3-1, *et seq.*, it is therefore ORDERED that the Sheriff of Fulton County transport and deliver said accused to a state hospital for the mentally ill, to be selected by the Department of Behavioral Health and Developmental Disabilities, along with two (2) copies of this Order.

IT IS FURTHER ORDERED that the accused shall be confined in said facility until this Court, pursuant to the procedures outlined in O.C.G.A. § 17-7-130, shall find and determine that said accused no longer meets the inpatient civil commitment criteria.

SO ORDERED, this _10_ day of January, 2014.

Tom Campbell, Judge
Superior Court of Fulton County
Atlanta Judicial Circuit

Copies to:
Irina Khasin
David Wong
Chandani Patel

ORIGINAL

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

FILED IN OFFICE

MAR 23 2016

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

| | | |
|---|---|---|
| STATE OF GEORGIA | ) | |
| | ) | |
| v. | ) | CASE NO. 10SC93691 |
| | ) | 11SC99124 |
| WILLIE WALKER, | ) | |
| Defendant. | ) | |

## ORDER MODIFYING CIVIL COMMITMENT

      The Defendant, having previously been found incompetent to stand trial on charges of Aggravated Child Molestation and Obstruction of a Law Enforcement Officer, and having met the criteria for involuntary inpatient civil commitment was committed to the custody of the Georgia Department of Behavioral Health & Developmental Disabilities. This case came before this Court on January 14, 2016, for annual review pursuant to O.C.G.A. § 17-7-130.

      On January 14, 2016, this Court held a review hearing. Defendant was present and he was represented in the hearing by Attorney Chandani Patel of the Atlanta Circuit Public Defender's Office. The Court heard testimony from Dr. Theresa Betts. Prior to the hearing, Dr. Betts submitted a letter dated January 12, 2016 (Attachment A) recommending a modification that would allow Defendant to participate in community outings and eventually to have day and overnight passes in order to visit potential group homes. Initially, Defendant would be taken on community outings along with 2 staff members; then, after several successful outings, he would be allowed to continue community outings with supervision on 1 staff member to 5 individuals.

      Based on the Defendant's treating psychologist, who testified that the Defendant continued to meet the criteria for involuntary civil commitment and affirmed the

RECEIVED

MAY 18 2016

recommendations in the above-referenced letter dated January 12, 2016, the Court FINDS that the State has met its burden for involuntary inpatient civil commitment of the Defendant as set forth in O.C.G.A §§ 37-3-1 and 17-7-130 and authorizes the modifications referenced above.

Specifically, the Court FINDS that: (1) the Defendant continues to meet the criteria for civil commitment based on his current inability to recognize the impact of his mental illness on his functioning, his need for on-going treatment, and failure to recognize the need to change his behaviors based on his charges of aggravated child molestation. As such, he is considered to be a danger to himself, to others, and is unable to care for himself; and (2) that the Defendant is incompetent to proceed either to trial or to enter into a plea of guilty as he is incapable of understanding the nature and the object of the criminal proceedings against him, unable to comprehend his own condition, and unable to assist counsel in providing a proper defense.

**ACCORDINGLY,** the Court hereby **ORDERS** that the Defendant shall be continued on commitment to the Georgia Department of Behavioral Health & Developmental Disabilities for a period not to exceed twelve (12) months. During that twelve-month period, the Defendant shall be confined as provided by the modified conditional release and treated as deemed appropriate by medical staff in accordance with O.C.G.A. §17-7-130. The Defendant will appear before this court again no later than January 12, 2017, or as soon as practicable thereafter for an Annual Review.

**SO ORDERED** this _____ day of March 2016.


_____
The Honorable Thomas Campbell, Jr.
Judge, Fulton County Superior Court
Atlanta Judicial Circuit

Order Prepared by:
David Getachew-Smith, Sr.
Chief Senior Assistant District Attorney
Office of the Fulton County District Attorney
136 Pryor Street, SW – Third Floor
Atlanta, GA 30303
(404) 613-4782

In the Superior Court of Fulton County of the State of Georgia

| | |
|---|---|
| STATE OF GEORGIA | ) |
| | ) |
| versus | ) |
| | ) |
| WILLIE C. WALKER, | ) |
| *Defendant.* | ) |

Cases 10SC93691
and 11SC99124

Judge CAMPBELL

FILED IN OFFICE

MAR 3 1 2017

DEP... C ERK SUPERI... COURT
Fu... N COUN... GA

## ORDER MODIFYING CIVIL COMMITMENT

After WILLIE C. WALKER ("Defendant") was found incompetent to stand trial on charges of aggravated child molestation and obstruction of a law enforcement officer. This Court found that Defendant met the criteria for involuntary inpatient civil commitment, and committed Defendant to the custody of the Georgia Department of Behavioral Health and Developmental Disabilities ("DBHDD"). This case came back before the Court on March 22, 2017, for annual review pursuant to OCGA § 17-7-130. Defendant was present at the hearing and was represented by attorney CHANDANI PATEL, Esq., of the Atlanta Public Defender's Office.

At that hearing, the Court took testimony concerning Defendant's treatment from THERESA J. BETTS, Psy.D., a clinical psychologist at Central State Hospital, and admitted into evidence a report written by Dr. Betts regarding the same ("State's Exhibit 1").

According to Dr. Betts, Defendant had not threatened or physically assaulted anyone in 2016 and has been participating well in treatment programs, and his "treatment team believes that [Defendant] is no longer an imminent and substantial ricks to others, such that he could be maintained in a less restrictive environment." However, Dr. Betts opined that Defendant continues to meet the criteria for civil commitment. For example, Dr. Betts opined that Defendant's improvement is based in part upon medications, that Defendant is unlikely to maintain such medications without supervision, and that without such medications, Defendant is likely to decompensate.

RECEIVED

APR   7 2017

Initial: _____

Dr. Betts opined that Defendant still meets the criteria for involuntary civil commitment and recommended a modification of that commitment that would allow Defendant: "to participate in day and overnight visits when a suitable placement has been identified that addresses his needs for living in the community" which can provide him a structured environment which addresses: "safety issues in his interacting with children; preventing his return to the vacant house where he [previously] was residing; compliance with psychotropic medications; and living under the supervision of the Court while being monitored by" DBHDD. See State's Exhibit 1, page 2.

Based on Dr. Betts's testimony and Report, this Court FINDS that the State has met its burden for involuntary civil commitment of Defendant as set forth in OCGA §§ 37-3-1 and 17-7-130, and authorizes the modifications references above.

After hearing the testimony presented, considering the record in this case inclusive of previous annual reviews, and considering the positions of the State and Defense, the Court hereby FINDS that Defendant continues to meet the civil commitment criteria cited above for involuntary outpatient commitment at this time. The Court hereby makes the following ORDERS regarding Defendant's committment:

1. Defendant shall remain under the care and legal custody of DBHDD.

2. DBHDD is ordered to begin transitioning Defendant from inpatient to outpatient status. This is to include, but is not limited to, seeking appropriate placement in a forensic group home, continuing off campus outings, and application of benefits for Defendant.

3. Defendant shall be granted day and overnight passes to group or personal care homes for the purpose of transitioning Defendant back into the community.

4. Such a home shall be supervised at all times when Defendant is present.

5. Defendant shall be supervised by staff from either Central State Hospital or a Community Integrative Home (that is: a group home operated by DBHDD) at all times when he is outside the hospital or group home.

6. Defendant shall refrain from:

   a. Interacting with minors;

   b. The use of alcohol or any drugs which are not prescribed for him as part of his treatment plant; and

   c. Possession of firearms, knives, or weapons of any kind.

7. Defendant's passes are contingent upon Defendant's continued adherence to the rules and regulations of the Forensic Treatment Program at Central State Hospital. If Defendant fails to adhere to the parameters set forth by the Forensic Treatment Team on any occasion, the Forensic Treatment Team shall have the discretion to suspend these passes.

8. Prior to placing Defendant, Defendant's Treatment Team / DBHDD first must identify an appropriate outpatient facility or community integrative home and an outpatient commitment plan must be submitted to the Court for final approval. Such placement must be appropriately structured and supervised, and shall include at a minimum 24-hour staffing with alarm notices on all doors and windows. Further, Defendant's Treatment Team / DBHDD shall submit such outpatient commitment plan to this Court as soon as is possible after identifying such placement.

9. The Sheriff of Defendant's residence, or other appropriate jurisdiction, or his lawfully designated deputy, is authorized to take Defendant into their custody and transport Defendant to Central State Hospital or local Georgia Regional Hospital upon telephone request from Central State Hospital without the need for an additional Order from this Court.

So ORDERED this the 31st day of March, 2017.

Tom Campbell

The Honorable TOM CAMPBELL
Judge, Superior Court of Fulton County

Prepared by:

Kevin C. Armstrong
Assistant District Attorney
Office of the Fulton County District Attorney
136 Pryor Street, SW – Third Floor
Atlanta, GA 30303
(404) 612-4981
kevin.armstrong@fultoncountyga.gov

Consented to by:

Chandani Patel
Assistant Public Defender
Atlanta Circuit Public Defender's Office
100 Peachtree Street NW, Suite 1600
Atlanta, GA 30303
(404) 612-0728
chandani.patel@fultoncountyga.gov

Fulton County Superior Cou
***EFILED***C
Date: 11/7/2017 12:53 P
Cathelene Robinson, Cle

RECEIVED

NOV - 3 2017

Initial _____ Obc (V)

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| State of Georgia | ) | Indictment No. 10SC93691 and 11SC99124 |
| | ) | |
| v. | ) | |
| | ) | Judge Tom Campbell |
| WILLIE WALKER | ) | |

## ORDER MODIFYING CIVIL COMMITMENT
## (AMENDED)

After the Defendant, Willie Walker, was found incompetent to stand trial on charges

of aggravated child molestation and obstruction of a law enforcement officer (felony), this

Court found that Defendant met the criteria for involuntary inpatient civil commitment and

committed Defendant to the custody of the Georgia Department of Behavioral Health and

Developmental Disabilities ("DBHDD"). This case came before the Court on March 22,

2017 for annual review pursuant to OCGA 17-7-130. Mr. Walker was present at the hearing

and was represented by attorney, Chandani Patel, of the Atlanta Public Defender's Office.

After hearing the testimony presented, considering the record in this case inclusive of

previous annual reviews, and considering the positions of the State and Defense, the Court

FOUND that Mr. Walker continued to meet the civil commitment criteria but was eligible for

involuntary outpatient commitment. The Court ordered the DBHDD to begin transitioning

Mr. Walker from inpatient to outpatient status. Additionally, prior to permanently placing

Mr. Walker in an outpatient facility, the Court ordered DBHDD to submit a detailed

outpatient commitment plan for the Court's final approval.

On October 23, 2017, DHBDD identified an appropriate outpatient facility for Mr.

Walker as well as provided a detailed outpatient commitment plan to the Court. After

receiving the plan, the Court hereby makes the following ORDERS regarding Mr. Walker's

commitment:

1. Mr. Walker shall reside at the following residence:
   Boat House Inc., a Community Integrated Home (CIH)
   1236 Boat Rock Rd, Atlanta, GA 30331.
   Contact Person: Demetria Carson, LPC
   Telephone number: 470-259-3265

2. The Court approves this outpatient commitment placement only so long as the CIH
   maintains 24 hour a day staffing with alarm notices on all of the doors and windows.
   Should the CIH fall below these standards, the DBHDD must return Mr. Walker to
   an inpatient facility or, with the Court's approval, to another appropriate outpatient
   facility which does meet these standards.

3. Mr. Walker shall receive Day Programming through the following agency:
   Genesis Alliance for Mental Wellness
   4540 Memorial Dr. #C
   Decatur, GA 30032
   Telephone number: 678-683-7970

4. Mr. Walker shall attend all scheduled appointments with his treating psychiatrist and
   other mental health providers. He shall attend day program regularly. Boat House,
   Inc. will provide transportation to the mental health center and the Day Program. Mr.
   Walker shall be supervised at all times when in the community (to include all times
   when he is outside the CIH). He shall have no independent access to the community.

5. Mr. Walker must take all prescribed medications and must participate in any
   prescribed laboratory testing.

6. Mr. Walker shall not make any threats or actions to harm himself or others. He shall
   not possess any weapons

7. Mr. Walker shall not drink alcoholic beverages or use any street drugs or medications
   that are not prescribed specifically for him. He shall submit to random drug screen
   testing.

8. If Mr. Walker experiences significant symptoms of his mental illness, he will be
   admitted to a crisis stabilization program, if deemed appropriate by his treatment

team.

9.  Mr. Walker shall be supervised at any time he is in a situation in which a child could be present.

10. Any visits by family or friends shall be supervised and Mr. Walker shall not visit others outside of the group home for at least the first six months of his placement. At that time, his community team will determine if supervised day visits to family or friends is appropriate.

11. If Mr. Walker becomes dangerous to himself or others or leaves the CIH, the Forensic Community Coordinator, Asalmah Abulbaaqee 470-925-6271 will be notified. The Outpatient Forensic Director, Dr. Darcy Shores 478-251-5805, will be notified as needed for further directions.

SO ORDERED this the 7th day of November, 2017.

JUDGE TOM CAMPBELL
FULTON COUNTY SUPERIOR COURT
ATLANTA JUDICIAL CIRCUIT

Prepared by:
Chandani Patel
Attorney for the Defendant
Bar No. 350737

CC:
Kevin Armstrong
Assistant District Attorney
Office of the Fulton County District Attorney
136 Pryor Street, SW – Third Floor
Atlanta, GA 30303

Fulton County Superior Court
***EFILED***NE
Date: 11/8/2018 8:31 AM
Cathelene Robinson, Clerk

## IN THE SUPERIOR COURT OF FULTON COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| State of Georgia | ) | Indictment Nos: 11SC99124 |
| | ) | 10SC93691 |
| v. | ) | |
| | ) | Judge Tom Campbell |
| WILLIE WALKER | ) | |

### ORDER MODIFYING CIVIL COMMITMENT

After the Defendant, Willie Walker, was found incompetent to stand trial on charges of aggravated child molestation, this Court found that Defendant met the criteria for involuntary inpatient civil commitment and committed Defendant to the custody of the Georgia Department of Behavioral Health and Developmental Disabilities ("DBHDD"). This case came before the Court on November 5, 2018 for annual review pursuant to OCGA 17-7-130. Mr. Walker was present at the hearing and was represented by attorney, Zachary Podenski, of the Atlanta Public Defender's Office.

After hearing the testimony presented, considering the record in this case inclusive of previous annual reviews, and considering the positions of the State and Defense, the Court FOUND that Mr. Walker continued to meet the civil commitment criteria but was eligible for outpatient treatment. The Court further ordered that, based upon the recommendation of Dr. Shores of DBHDD, Mr. Walker shall be allowed to transition into a "supported forensic apartment." All other orders previously entered by this Court are to continue, including:

1. Mr. Walker shall receive Day Programming through the following agency:
   Genesis Alliance for Mental Wellness
   4540 Memorial Dr. #C
   Decatur, GA 30032

Telephone number: 678-683-7970

2. Mr. Walker shall attend all scheduled appointments with his treating psychiatrist and other mental health providers. He shall attend day program regularly. Mr. Walker must be supervised at all time when in the community. He shall have no independent access to the community.

3. Mr. Walker must take all prescribed medications and must participate in any prescribed laboratory testing.

4. Mr. Walker shall not make any threats or actions to harm himself or others. He shall not possess any weapons

5. Mr. Walker shall not drink alcoholic beverages or use any street drugs or medications that are not prescribed specifically for him. He shall submit to random drug screen testing.

6. If Mr. Walker experiences significant symptoms of his mental illness, he will be admitted to a crisis stabilization program, if deemed appropriate by his treatment team.

7. Mr. Walker shall be supervised at any time he is in a situation, in which it is likely children will be present.

8. If Mr. Walker becomes dangerous to himself or others or leaves the supported forensic apartment, the Outpatient Forensic Director, Dr. Darcy Shores 478-251-5805. will be notified.

SO ORDERED this the 8th day of November, 2018

Tom Campbell

JUDGE TOM CAMPBELL
FULTON COUNTY SUPERIOR COURT
ATLANTA JUDICIAL CIRCUIT

Prepared by:
Zachary Podenski
Attorney for the Defendant
Bar No. 760173

CC:
Kevin Armstrong
Assistant District Attorney
Office of the Fulton County District Attorney
136 Pryor Street, SW – Third Floor
Atlanta, GA 30303

Darcy L. Shores, Ph.D, Psy.D.
Director, Community Forensic Services-West
Georgia Department of Behavioral Health & Developmental Disabilities
3000 Schatulga Road, Building 5
Columbus, GA 31907

Danelle Foster, M.S., L.A.P.C.
Forensic Community Coordinator
Georgia Department of Behavioral Health & Developmental Disabilities
3000 Schatulga Road, Building 5
Columbus, GA 31907